IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| AMERICANS FOR BENEFICIARY CHOICE, et al.<br><br>    Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES, et al.,<br><br>    Defendants. | Civil Action No. 4:24-CV-439-O |
| COUNCIL FOR MEDICARE CHOICE, et al.<br><br>    Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES, et al.,<br><br>    Defendants. | Civil Action No. 4:24-CV-446-O |

## DEFENDANTS' RESPONSE TO COURT'S JUNE 4, 2024 ORDER

Along with their consolidated response to plaintiffs' motions for preliminary injunction, the Centers for Medicare & Medicaid Services and the other Defendants (collectively, CMS) filed nearly 12,000 pages of the certified administrative record in these two cases. (*See* Doc. 24 (ABC case); Doc. 23 (CMC case).) CMS has moved to seal the approximately 263 pages of that record that comprise confidential contracts between third parties or, in one case, notes from a meeting with a third party discussing those contracts. (*See* Doc. 26 (ABC case); Doc. 25 (CMC case).) The agency did so based on its belief that the documents contain confidential, proprietary, and trade-secret information from private parties, as noted in the motion.

Defendants' Response to Court's June 4, 2024 Order – Page 1

The Court has since ordered CMS to file "*narrowly* redacted versions on the public docket" or to provide an explanation of why all 263 pages should be sealed.  (Doc. 27 at 1 (ABC case); Doc. 26 at 1 (CMC case) (emphasis in original).)  CMS respectfully opts for the latter choice and, below, explains why it believes that (nearly) all the pages should be sealed.[1]  Should the Court disagree, CMS alternately requests 30 days to consult with affected non-parties (e.g., the entities from whom the contracts were obtained) to give them an opportunity to weigh in on the documents' confidentiality and to further analyze what redactions might be required with the benefit of that input.

It is well-established that "[t]o protect confidential commercial information, courts may . . . issue protective orders requiring documents in the judicial record to be filed under seal." *United States ex rel. Long v. GSD&M Idea City LLC*, No. 3:11-CV-1145-O, 2014 WL 12648520, at *2 (N.D. Tex. Jan. 3, 2014).  "Business information is confidential commercial information if its disclosure would cause substantial competitive harm to the person from whom it was obtained."  *Id.*

The documents that CMS seeks to seal appear on their face to be confidential commercial information.  Many of them contain express confidentiality provisions.  (*E.g.*, App. 11520, 11604, 11646–47, 11669–70, 11714–16.)  One was marked specifically as "confidential commercial/financial" information by the third party.  (App. 11558–91.)  Those that do not contain specific confidentiality language appear to be riders to larger documents that likely contain similar language.  (App. 11653, 11685, 11694, 11701 (noting documents are "Schedules"), 11655, 11697, 11746, 11750 (noting documents are "Amendments").)  All of the

---

[1] The government has learned that a few pages for which sealing was requested contain information that is already available publicly from other sources, and therefore the government plans to publicly file those pages.

**Defendants' Response to Court's June 4, 2024 Order – Page 2**

documents reflect what CMS believes are the current business practices of health plans and field marketing organizations. (*See* Doc. 24 at 12–13 (ABC case); Doc. 24 at 12–13 (CMC case) (CMS brief discussing documents as reflecting recent trends in Medicare marketing).) Plaintiffs have represented to the Court that health plans are currently deciding the terms of those contracts, or similar contracts, for plan year 2025. (*See, e.g.*, Doc. 20 at 21 (CMC case).) Releasing any part of the record could give other plans or other field marketing organizations a sneak peek at their competitors' current business practices, threatening the precise type of "substantial competitive harm" that justifies sealing. *Long*, 2014 WL 12648520, at *2.

In addition, CMS does not believe that any line-by-line redactions should be required because CMS is seeking to seal agency records, not judicial records. *See United States v. Sealed Search Warrants*, 868 F.3d 385, 396 n.4 (5th Cir. 2017) (whether materials are judicial records is a "gateway question"). Line-by-line redactions are required when rebutting the presumption of public access to *judicial* records, which is rooted in a tradition that "American judicial proceedings are public." *See Le v. Exeter Fin. Corp.*, 990 F.3d 410, 418 (5th Cir. 2021). But the documents here are part of the *administrative* record, and agency records lack any such tradition of access. To the contrary, the Supreme Court has recognized that running a benefits program (like Medicare) requires an agency to collect "vast amounts of personal information in computerized data banks or other massive government files," and "[t]he right to collect and use such data for public purposes is typically accompanied by a concomitant statutory or regulatory duty to avoid unwarranted disclosures," which "arguably has its roots in the Constitution." *U.S. Dep't of Just. v. Reps. Comm. for Freedom of Press*, 489 U.S. 749, 770 (1989) (internal quotation marks and citations omitted). Requiring redaction of administrative records could send agencies and judges alike hunting through thousands of pages for potential third-party interests,

often without those third parties' guidance.  *See, e.g.*, *Healthy Gulf v. U.S. Army Corps of Eng's*, 81 F.4th 510, 527 (5th Cir. 2023) (24,000 page record); *Conserve Sw. Utah v. U.S. Dep't of Interior*, No. 21-1506, 2023 WL 7922785, at *8 (D.D.C. Nov. 16, 2023) (100,000 page record).  Indeed, the full record here will ultimately include things like "audio recordings of sales calls," 89 Fed. Reg. 30,448, 30,618 (Apr. 23, 2024), which often contain information protected by the Health Insurance Portability and Accountability Act.  Such a burden might hamper the agency's ability to consider confidential documents during rulemaking at all, interfering with its obligation under the Administrative Procedure Act to "consider" all "important aspect[s] of the problem."  *See Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983).  Courts therefore routinely seal portions of administrative records without any line-by-line analysis.[2]

Nor do administrative records—especially excerpts of one submitted in preliminary proceedings—look like traditional judicial records.  "Not all documents filed with a court are considered 'judicial documents.'"  *United States v. Gonzales*, 150 F.3d 1246, 1255 (10th Cir. 1998); *see also id.* (noting that "no First Amendment right of access applies . . . to administrative documents located in the executive branch"); *Le*, 990 F.3d at 419 n.31 (noting documents filed with discovery motions not subject to any right of access).  As noted, administrative records can

---

[2] *See, e.g.*, Scheduling Order, *Samuels v. U.S. Dep't of Def.*, No. 3:14-CV-2948-K (N.D. Tex. Nov. 17, 2014) (authorizing the government to file the administrative record under seal, in a case relating to TRICARE benefits); Order, *Dominion Ambulance, L.L.C. v. Burwell*, No. 3:16-CV-146-KC (W.D. Tex. Nov. 4, 2016) (granting motion to file the entire administrative record under seal in a Medicare-related case, where the record contained "confidential personal medical information"); *Hasie v. Off. of Comptroller of Currency of U.S.*, No. 5:07-CV-208-C, 2008 WL 4549881, at *1 (N.D. Tex. May 9, 2008) (noting court granted motion to seal record), *aff'd on other grounds*, 633 F.3d 361 (5th Cir. 2011)*; see also Medicomp, Inc. v. Sec., U.S. Dep't of Health & Human Servs.*, No. 6:14-CV-1848-ORL, 2016 WL 901282, at *1 n.1 (M.D. Fla. Mar. 3, 2016) (administrative record filed under seal in Medicare-related case).

be voluminous, and they often contain material that ultimately is irrelevant to a court's decision with respect to the particular contentions and arguments of the parties. *See Sana Healthcare Carrollton, LLC v. Dep't of Health & Human Servs.*, No. 4:23-CV-738, 2024 WL 2723873, at *6 (E.D. Tex. May 28, 2024) (administrative record includes "all documents and materials directly or indirectly considered by agency decision-makers" in formulating policy (quoting *Exxon Corp. v. Dept. of Energy*, 91 F.R.D. 26, 33 (N.D. Tex. 1981))). Reflecting this fact, it is not necessary for a party to file the full administrative record with the Fifth Circuit when that court is directly reviewing agency action (e.g., on a petition for review); instead, a "certified list of documents comprising the record" may be filed and the petitioner bringing the challenge then files an appendix with just the portions of the record "relied upon by the parties in their briefs." *See* Rule 30.2(a) of the Rules and Internal Operating Procedures of the United States Court of Appeals for the Fifth Circuit; *accord* Local Civil Rule 7(n)(1) of the United States District Court for the District Court of Columbia (providing similar treatment in cases decided on an administrative record). Such a practice is not inconsistent with the tradition of public access to judicial records because administrative records are not judicial records.

Finally, unlike the cases in which "litigants have no incentive to protect the public's right of access," *BP Expl. & Prod., Inc. v. Claimant ID 100246928*, 920 F.3d 209, 211 (5th Cir. 2019), CMS is an Executive Branch agency that has no personal stake in the confidentiality of the documents it seeks to seal. The agency's primary concerns here are to (1) not disrupt the "level playing field" between plans, 74 Fed. Reg. 1494, 1509 (2009), by having some plans' contracts made public while other contracts (those not obtained by CMS as part of the rulemaking process) are not, and (2) avoid interfering with the agency's ability to obtain and consider confidential information from regulated parties in future policymaking. *Cf. Le*, 990 F.3d at 420

(acknowledging an interest in "facilitating the efficient exchange of information" that justifies a lower level of public access to discovery material).

For now, CMS sought to reconcile its obligations to compile the administrative record with the sensitivity of the information included in that record by de-identifying the most relevant information and referring to that information in its publicly-filed response (*see* Doc. 25 at 12–13 (ABC case); Doc. 24 at 12–13 (CMC case)) while seeking to keep the underlying contracts under seal, *cf.* 18 U.S.C. § 1833(b)(1)(B) (providing safe harbor for parties filing confidential financial information under seal). CMS is not currently in a position to provide any more detailed analysis of the potential confidentiality interests of non-parties to this litigation who provided their contracts to CMS in its capacity as a regulator, and CMS also cannot be sure what information other private parties might find useful during their discussions about contracts for 2025. Nor is CMS aware of what other information private parties have that would make seemingly innocuous parts of the contracts competitively damaging to reveal. Presumably for similar reasons, Congress has prohibited courts, at least in some circumstances, from "authoriz[ing] or direct[ing] the disclosure of any information the owner asserts to be a trade secret unless the court allows the owner the opportunity to file a submission under seal that describes the interest of the owner in keeping the information confidential." 18 U.S.C. § 1835(b). For these reasons, if the Court is still inclined to order line-by-line redactions, CMS respectfully requests 30 additional days to reach out to affected non-parties (e.g., the entities who provided the contracts to CMS and are parties to them) for their input and to allow them to take whatever action they might view to be necessary to protect confidentiality or other interests in the documents in question.

In conclusion, CMS requests that the Court grant its motion to seal as previously

requested and without requiring line-by-line redactions. And to be clear, CMS does not believe that allowing these limited non-party records to be filed under seal would necessitate that this Court's decision on Plaintiffs' motions be sealed or redacted (in the same way that CMS's brief made generic references to information from these materials without redacting or sealing the brief). If the Court does decide that such redactions are required, CMS respectfully requests 30 additional days to reach out to relevant affected non-parties (e.g., the entities who provided the contracts to CMS and are parties thereto) for their input, as these non-parties are in the best position to know what the relevant confidentiality and business interests are.

    Respectfully submitted,

    LEIGHA SIMONTON
    UNITED STATES ATTORNEY

    /s/ Brian W. Stoltz
    Brian W. Stoltz
    Assistant United States Attorney
    Texas Bar No. 24060668
    1100 Commerce Street, Third Floor
    Dallas, Texas 75242-1699
    Telephone:   214-659-8626
    Facsimile:    214-659-8807
    brian.stoltz@usdoj.gov

    Attorneys for Defendants

Certificate of Service

On June 7, 2024, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. I hereby certify that I have served all parties electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

/s/ Brian W. Stoltz
Brian W. Stoltz
Assistant United States Attorney